IN THE UNITED STATES BANKRUPTCY
COURT FOR THE SOUTHERN DISTRICT OF
TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| In re:  DEONDRA JOYCE KHEIR | § | Case No.:         24-35814 |
| | § | |
| Debtor | § | Chapter 7 |

| | | |
|---|---|---|
| DEONDRA JOYCE KHEIR | § | ADVERSARY NO. |
| Plaintiff, | § | |
| | § | |
| v. | | |
| | § | |
| | § | |
| | § | |
| THE MONEY SOURCE INC., | § | |
| AUCTION.COM, &  TITAN TEAM LLC its | § | |
| successors and/or assigns in interest. | § | |
| Defendant(s) | § | |

ORIGINAL COMPLAINT TO DETERMINE THE VALIDITY, PRIORITY,
EXESTIENCE OR EXTENT OF THE VALADITY OF ASSIGNMENT(S),
CONTRACT, TITLE, LIENS AND REQUEST FOR DECLARATORY
JUDGMENT AND OTHER CLAIM{S}

**TO THE HONORABLE JUDGE Eduardo V. Rodriguez:**

Deondra Joyce Kheir, Plaintiff, files this Complaint seeking a declaratory judgment pursuant to 28 U.S.C. §2201 and Bankruptcy Rule 7001(1) and (2) regarding the validity, priority, existence of the validity of assignments(s) contract, title, and of the liens and claims of The Money Source Inc., Auction,com and the Titan Team LLC, its successors and/or assigns

in interest, as it relates to the property located at 9711 Faulkner Trail, Rosharon, Texas 77583.

## PARTIES

1. Deondra Joyce Kheir , Plaintiff, is an individual debtor in the underlying bankruptcy proceeding who resides at 9711 Faulkner Trail, Rosharon, Texas 77583, Brazoria County Texas.

2. The Money Source Inc. is a corporation authorized to do business in Texas. It can be served with citation by serving its registered agent, CT Corporation System, at 1999 Bryan St. , Suite 900, Dallas, Texas 75201-3136.

3. Auction.com is a corporation authorized to do business in Texas. It can be served with citation by serving its registered agent, Corporation Service Company, dba Lawyers Incorporating Service Company , at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4. Titan Team LLC is a corporation authorized to do business in Texas. It can be served with citation by serving its registered agent, Registered Agents Inc., at 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334.

6. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) because the property the subject of this suit is pending in this district.

8. This Complaint is brought pursuant to Rule 7001 of the Federal Rules of

Bankruptcy Procedure and pursuant to 11 U.S.C. § 506 and 28 U.S.C. §§ 2201-2202.

9. Pursuant to Local Bankruptcy Rule 7008-1, Plaintiff does not consent to the entry of final orders or judgment by the Bankruptcy Judge if it is determined that the Bankruptcy Judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## FACTUAL BACKGROUND

10. The loan concerning the property originated with the Lone Star Home Loans LLC dba LoanStar Home Lending on March 2nd 2017.

11. In March of 2017 the debtor received a notice of transfer letter from Lone Star Home Loans LLC dba LoanStar Home Lending  In the same month, the debtor received a call from The Money Source demanding payment.

12. In 2019, The Money Source unilaterally increased the debtor's mortgage payments without providing a clear explanation, the debtor didn't have an adjustable-rate mortgage. Despite repeated inquiries, the debtor was met with evasive responses and received no substantive justification for the increase.

13. In January 2020, the debtor submitted a written request to The Money Source for a **proof of claim** under the **Truth in Lending Act (TILA), 15 U.S.C. § 1641(f)**, and **12 C.F.R. § 1024.36 (Regulation X under RESPA)**.

14. Since submitting this request, the debtor has not received any response from The Money Source. Furthermore, the servicer ceased sending periodic monthly mortgage statements as required by **TILA, 15 U.S.C. § 1638(f)** and **12 C.F.R. § 1026.41**,

15. The failure to respond to the debtor's proof-of-claim request and the cessation of monthly statements by The Money Source has, to this day, have not been addressed and or adequately been responded to.

16. In addition, the Loan Star Home Loans, LLC went out of business on or about **February 28, 2020**. The Money Source wrote the debtor a notification of assignment that her mortgage loan was sold to **TIAA, FSB D/B/A EVERBANK** on **April 1st 2020**.

17. The note and mortgage have taken two distinctly different paths. The note was securitized into a private placement EVERBANK MORTGAGE LOAN TRUST 2018-1. Private placement trust. EVERBANK MORTGAGE LOAN TRUST 2018-1 will not be and have not

been registered under the Securities Act of 1933 and may not be offered or sold in the United States.

18. Furthermore, EVERBANK MORTGAGE LOAN TRUST 2018-1 does not have the prospectus and pooling, Servicing Agreement (PSA) available on the SEC website.

**19.** The Money Source recorded a flawed assignment of deed on **March 17th 2022**.

20. The assignment dated **March 17, 2022** shows an assignment from Lone Star Home Loans LLC dba LoanStar Home Lending with MERS as nominee to The Money Source.

21. The assignment shows Thomas Clark as V.P. of MERS and the notarization by Toni Schmike. Plaintiff asserts that both are illegitimate. in that Thomas Clark never worked for MERS and should not have been notarized.

22. Also, the assignment was done in Arizona at a purportedly known foreclosure mill.

23. The Plaintiff asserts that this assignment should be declared void due to fraud which creates a break in the chain of title and causes a slander of title.

24, The Money Source, Inc. foreclosed on the subject property without any assignment.

25. This foreclosure created a second break in the chain of title.  The foreclosure sale on May 3, 2022, with the Titan Team, LLC was supposedly the high bidder at an auction held by Auction.com.

26. Debtor questions the legality of the sale and whether  the "cry out "an arm's length transaction. Was it actually that?  Essentially, was the sale legitimate and did it take place at the courthouse steps. Th Plaintiff questions this.

27. The Debtor never received a monthly statement from 2019 till the time of foreclosure sale by the Money Source, who was alleged to be the servicer at the time. The debtor asserts The Money Source Inc clearly violated **12 C.F.R. § 1026.41 (Regulation Z) and 12 C.F.R. § 1026.41(d).**

28. On June 14, 2022, following the foreclosure sale conducted on May 3, 2022, an **Assignment of Deed** was recorded by The Money Source.

29.. The assignment designated **Auction.com** and its area manager Cary Corenblum as **Substitute Trustees.** The document listed **Cindy Cowden** as **Vice President (VP)** of The Money Source. However, in reality, Ms. Cowden holds the title of **Default Document Supervisor** and is not a corporate officer.

30. The Money Source Inc, six months later from the alleged foreclosure sale dated May 3rd, 2022 titled the property unrecorded to Auction.com area manager Cary Corenblum as

grantor and Titan Team LLC as grantee.  The deed was recorded by Joe Bloodworth of Titan Team LLC.

31. Joe Bloodworth, the listing agent for the Titan Team LLC, testified under oath that he purchased the debtor's home through Auction.com using a certified check in the amount of $292,100. Prior to this, on May 4th, 2022, Mr. Joe Bloodworth from the Titan Team LLC delivered a signed letter to the debtor, asserting that he had purchased the property on the steps of Brazoria County Courthouse for $292,100 via wire transfer.

32. However, a review of The Money Source Inc transaction history report dated June 13, 2022, revealed two pre-distributed payments: one for $110,000.99 and another for $109,999.97.

33. When questioned under oath by the debtor in JP court about proof of payment, Mr. Bloodworth was asked to provide a screenshot of the transaction as evidence. He responded, "Ahh, I can't do it now." The Plaintiff asserts that the entire sale and underlying procedures were done illegally.

## CAUSE(S) OF ACTION AGAINST ALL DEFENDANTS (ALSO STATED IN THE ALTERNATIVE TO EACH)

34. Declaratory judgment regarding the validity, priority, existence of the validity of assignments(s) contract, title, and of the lien and claims of title and right to possession of The Money Source Inc., Auction.com, and the Titan Team LLC, its successors and/or assigns in interest, as it relates to the property located at 9711 Faulkner Trail, Rosharon, Texas 77583. 1-33 is incorporated herein by reference.

35. As set forth above, all of the Defendants are operating on the assumption that it holds or held a secured debt or claim against the Property, however, the Plaintiff believes that not one of them actually owns, held, or holds a secured debt, with proper authority to assign and or foreclose on the property. 1-34 is incorporated herein by reference.

36. Upon information and belief, the plaintiff believes that there has been a serious breach of duty by the defendants, because, amongst other things, the plaintiff was misled and

required to pay a different and unauthorized servicer and or holder of the note of the loan than what was actually true. As a holder of any right of any kind to convey, sale, foreclosure, negotiate any aspect of the note, deed, or lien concerning the property, the Defendants were acting in the capacity of a fiduciary. The plaintiff was damaged by the defendants breach, and or putting themselves before their responsibility, resulting in damages to the Plaintiff, , including having to file for bankruptcy. 1-35 is  incorporated herein by reference.

37.     Plaintiff brings a claim for wrongful foreclosure on the basis that the foreclosure and all transactions leading up to the foreclosure were irregular, including not receiving required statutory notices, and was done without proper authority regarding assignment rights and or were not based on non-negligent in the servicer notification(s) or holders of the note or right, to the plaintiff as to who she had to pay, and or she owed, as she believes she was led to pay the wrong servicer and or party defendant so that the loan/lien/note/deed of trust was incorrectly handled. Each defendant was essential in the chain of title and are indispensable parties. The property was sold for a grossly inadequate selling price for its value and selling status, and the causal connection between the defect and the grossly inadequate selling price exists because if the property had never been placed for foreclosure, especially without verifying the rights of the plaintiff and the defendant's authority to act, this would not be the case.  All defendants participated in the negotiation and or foreclosure of the property, to the detriment of the Plaintiff.  1-36 is  incorporated herein by reference.

38. Upon information and belief, Plaintiff brings a claim for unjust enrichment and breach of fiduciary duty for misleading her in potentially paying the wrong party, acting without actual authority, not verifying if ANY information they received, from any source, especially information gained in their respective capacities, was true and accurate and sufficient for them to

act. Each of the defendants owed a duty to properly determine their legal rights and authority to interact with the property and or plaintiff. They failed to do this, their conduct caused the Plaintiff damage and such conduct of putting themselves before the plaintiff was a contributing and reasonable cause of damages to the Plaintiff which includes, the loss of the property, having to file for bankruptcy, injury to her credit and other damages. The plaintiff was dominated by the Defendants in their actions and deeds. She had no control. Also, the relationship of borrower and lender is absent in regard to all Defendants as they acted in various capacities in the property negotiation and or foreclosure context. 1-37 is incorporated herein by reference.

39.  Plaintiff brings a claim for equitable relief, such as recission, reformation, determinantal reliance, assumpsit, and injunctive relief for irregularities in the servicing of the loan and or deed of trust, managing the deed of trust, and or the foreclosure process. The plaintiff tendered her performance, (albeit issues as to proper party remain) but all the defendants breached their duty and failed to perform as their alleged roles and titles imply and invoke. This conduct resulted in damages to the Plaintiff as previously stated. 1-38 is incorporated herein by reference.

40.  Plaintiff brings a claim for quiet title and slander of title in that all defendants made a false material representation concerning the title and their authority regarding it, as it relates to the property in that they had the authority to foreclose, initiate the foreclosure, and or speak in regards to ownership or interest in the property the subject of this suit, in addition they made this representation and took various actions with the knowledge of its potentially falsity and or made such statements and took such actions recklessly without knowledge of its full truth, (whether the deed, deed of trust and or assignments being lawful and accurate to proceed), this has result in a cloud over the title for which a quiet title action is sought. 1-39 incorporated herein by reference.

41.  Plaintiff brings a claim for fraudulent concealment in that the Defendants are liable for the wrongful foreclosure and the other torts committed by them, they knew when they acted, it was wrongful and in error, they used the legal process to conceal whatever knowledge regarding the note, deed of trust, deed, and or assignments from the Plaintiff, but made her think they were completely legitimate the whole time, and he Plaintiff relied on this deception to her detriment, if she had not desired to get to the bottom of the matter, they would have succeeded in their ruse. 1-40 is  incorporated herein by reference.

42.  The Plaintiff asserts a claim for civil conspiracy, in that all of the defendants had a desire to "keep quite: what if any they found regarding the deed, property, assignment, deed of trust, and or foreclosure to themselves so that the plaintiff would remain in the dark about their efforts and avoid discovery, to keep the sham of authority to act and or interact with the property, including foreclosure going, they kept it to themselves, agreeing to keep going, and this resulted in damages to the plaintiff. 1-41 is  incorporated herein by reference.

## PRAYER

**Wherefore,** Plaintiff, Deondra Joyce Kheir , prays that that this court:

Enter an order declaring that the foreclosure was wrongful and improper procedure.,

Enter an order requiring the Defendant(s) to compensate the plaintiff for the loss of the home.,

Loss of past and future earning capacity.,

Mental anguish in the past;

Mental anguish in the future.,

   Pain and suffering and General Damages.,

    Equitable and injunctive relief as sought in the complaint and for which the facts warrant, whether stated or not

   For any other relief that this court deems equitable and just.

Dated: <u>March 25, 2024.</u>     Respectfully Submitted,

          <u>/s/ Derrick D. King</u>

          Derrick D. King
          TBN: 24036911
          1803 Ave H
          Rosenberg, Texas 77471
          Ph: 281-789-0333
          Fax: 281-688-4177
          ddklaw4u2@yahoo.com