United States Bankruptcy Court
Southern District of Texas

**ENTERED**

November 04, 2025

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 24-35814** |
| **DEONDRA JOYCE KHEIR,** | § | |
| | § | **CHAPTER 7** |
| Debtor. | § | |
| | § | |
| **DEONDRA JOYCE KHEIR,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **ADVERSARY NO. 25-3033** |
| | § | |
| **TITAN TEAM LLC, THE MONEY** | § | |
| **SOURCE INC., and AUCTION.COM,** | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION</u>

As a matter of first impression, this Court has been tasked with determining whether Mr. Derrick D. King, counsel for Deondra Joyce Kheir ("*Plaintiff*"), utilized generative artificial intelligence to manufacture legal authority without verifying the content within such authorities, or the existence of such authorities, in violation of the Southern District of Texas General Order 2025-04. The Court publishes this opinion to remind lawyers that confirming the accuracy of cited caselaw is a basic, routine matter, and something to be expected from a practicing attorney, especially because carelessness, good faith, or ignorance are not excuses for submitting materials that are non-compliant with Federal Rule of Bankruptcy Procedure 9011 ("*Bankruptcy Rule*"). No lawyer should be using ChatGPT or any other generative AI product to perform legal research without verifying the results, much less placing such unverified results in pleadings filed in this Court.

On August 21, 2025, the Court conducted a hearing and for the reasons stated herein, the Court finds that Derrick D. King violated Southern District of Texas General Order 2025-04 and Bankruptcy Rule 9011 and is ordered to (1) reimburse Counsel for Auction.Com, Inc. ("*Defendant*") its reasonable and necessary attorney's fees and costs associated with this matter. Counsel for Auction.Com, Inc. is invited to file a fee application for its reasonable and necessary fees associated with this matter no later than November 17, 2025; (2) register and obtain six hours of continuing education from the State Bar of Texas on the use of generative AI in the courts; (3) provide a copy of this Court's order to his client, and; (4) file a certificate of compliance with the Clerk of Court which must be accomplished no later than December 31, 2025. Mr. King will also be referred to Chief United States District Judge Randy Crane and the State Bar of Texas Chief Disciplinary Counsel for possible disciplinary action.

## I.    FINDINGS OF FACT

This Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, which is made applicable to adversary proceedings pursuant to Bankruptcy Rule 7052. To the extent that any finding of fact constitutes a conclusion of law, it is adopted as such. To the extent that any conclusion of law constitutes a finding of fact, it is adopted as such. This Court made certain oral findings and conclusions on the record. This Memorandum Opinion supplements those findings and conclusions. If there is an inconsistency, this Memorandum Opinion controls.

## A.  Background

1. On February 11, 2025, Deondra Joyce Kheir filed her "Original Complaint To Determine The Validity, Priority, Existence or Extent of The Valadity [Sic] Of Assignment(s), Contract, Title, Liens And Request For Declaratory Judgment and Other Claim(s)" (the "*Complaint*").[1]

---

[1] ECF No. 1.

2.  On May 23, 2025, Auction.Com, LLC, filed "Defendant Auction.Com, LLC's Motion To Dismiss Plaintiff's Complaint (Doc. No. 1) And Brief In Support" ("*Auction's Motion to Dismiss*").[2]

3.  On May 23, 2025, The Money Source Inc. filed its "Motion To Dismiss Plaintiff's Complaint (Doc. 1) and Brief In Support" ("*Money Source's Motion to Dismiss*").[3]

4.  On June 11, 2025, Plaintiff filed "Plaintiff's Response In Opposition To Defendant Auction.Com, LLC's Motion To Dismiss" ("*Plaintiff's Response to Motion to Dismiss*").[4]

5.  On July 2, 2025, Auction.Com, LLC, filed its "Auction.com, LLC's Reply In Support Of Its Motion to Dismiss Plaintiff's Complaint" (the "*Reply*") alleging that Derrick D. King utilized generative artificial intelligence to manufacture legal authority without verification the content within such authorities, or the existence of such authorities.[5]

6.  On July 3, 2025, this Court issued an order requiring Mr. Derrick D. King to demonstrate to the Court either (1) why Derrick D. King has not violated Federal Rule of Civil Procedure 11(b) or (2) why Derrick D. King should not be sanctioned pursuant to Federal Rule of Civil Procedure 11 or this Court's inherent authority (the "*Show Cause Order*").[6]

7.  On July 16, 2025, Titan Team, LLC, filed its "Notice Of Appearance And Motion To Dismiss Plaintiff's Original Complaint (Doc 1)."[7]

8.  On August 5, 2025, Plaintiff filed her "Formal Opposition To Titan Team LLC's Motion To Dismiss."[8]

9.  On August 5, 2025, Plaintiff filed her "Motion For Leave To Filr [Sic] An Amended Response To Auction.Com And The Money Sources Inc.'s Motion To Dismiiss [Sic]."[9]

10. On August 6, 2025, Plaintiff filed her "Motion For Leave To Filr [Sic] An Amended Adversary Petition."[10]

11. On August 6, 2025, Plaintiff filed her "Motion For Leave To File An Amended Response To Auction .Com And The Money Sources Inc.'s Motion To Dismiiss [Sic]."[11]

---

[2] ECF No. 8.
[3] ECF No. 9.
[4] ECF No. 11.
[5] ECF No. 15.
[6] ECF No. 16.
[7] ECF No. 19.
[8] ECF No. 20.
[9] ECF No. 21.
[10] ECF No. 22.
[11] ECF No. 23.

12. On August 19, 2025, Auction.Com filed "Auction.Com's Response In Opposition To Plaintiff's Motion For Leave To File An Amended Response To Auction.Com's Motion To Dismiss."[12]

13. On August 19, 2025, Auction.Com filed "Auction.Com's Response In Opposition To Plaintiff's Motion For Leave To File An Amended Adversary Petition."[13]

14. On August 21, 2025, the Court held a hearing and now issues its instant Memorandum Opinion.

## II.   CONCLUSIONS OF LAW

### A.  Jurisdiction and Venue

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334 and exercises its jurisdiction in accordance with Southern District of Texas General Order 2012–6.[14] Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[15] This Court determines that pursuant to 28 U.S.C. § 157(b)(2)(A) and (O) this proceeding contains core matters, as it primarily involves proceedings concerning the administration of this estate.[16] This proceeding is also core under the general "catch-all" language because "the imposition of sanctions on litigants in a bankruptcy case is clearly a matter 'arising in' such a case."[17]

This Court may only hear a case in which venue is proper.[18] 28 U.S.C. § 1409(a) provides that "a proceeding arising under title 11 or arising in or related to a case under title 11 may be

---

[12] ECF No. 32.

[13] ECF No. 33.

[14] *In re*: *Order of Reference to Bankruptcy Judges*, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).

[15] 28 U.S.C. § 157(a); *see also In re: Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).

[16] *See* 11 U.S.C. § 157(b)(2)(A), (O).

[17] *Wayland v. McVay (In re Tbyrd Enters. LLC)*, 354 F. App'x 837, 839 (5th Cir. 2009); *see also In re Stomberg*, 487 B.R. 775, 805 (Bankr. S.D. Tex. 2013).

[18] 28 U.S.C. § 1408.

commenced in the district court in which such case is pending." Plaintiff's main chapter 7 case is presently pending in this Court and therefore, venue of this proceeding is proper.

## B. Constitutional Authority to Enter a Final Order

While bankruptcy judges can issue final orders and judgments for core proceedings, absent consent, they can only issue reports and recommendations on non-core matters.[19] This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Accordingly, this Court concludes that the narrow limitation imposed by *Stern v. Marshall* does not prohibit this Court from entering a final order here.[20] Thus, this Court wields the constitutional authority to enter a final order.

## III.   ANALYSIS

## A. Generative A.I.

"Generative" AI, unlike the older "predictive" AI, is "a machine-learning model that is trained to *create* new data, rather than making a prediction about a specific dataset. A generative AI system is one that learns to generate more objects that *look like* the data it was trained on."[21] Platforms like ChatGPT are powered by "large language models" that teach the platform to create realistic-*looking* output.[22] They can write a story that reads like it was written by Stephen King (but wasn't) or pen a song that sounds like it was written by Taylor Swift (but wasn't).[23] But they can't do your legal research for you. ChatGPT does *not* access legal databases like Westlaw or Lexis, draft

---

[19] *See* 28 U.S.C. §§ 157(b)(1), (c)(1); *see also Stern v. Marshall*, 564 U.S. 462, 480 (2011); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1938–40 (2015).

[20] *See, e.g., Badami v. Sears (In re AFY, Inc.)*, 461 B.R. 541, 547-48 (8th Cir. BAP 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); *see also Tanguy v. West (In re Davis)*, No. 00-50129, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that *Stern* invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against the estate,' *Stern* expressly provides that its limited holding applies only in that 'one isolated respect.' We decline to extend *Stern's* limited holding herein.") (citing *Stern v. Marshall*, 564 U.S. 462, 503 (2011)).

[21] Adam Zewe, *Explained: Generative AI*, MIT News (Nov. 9, 2023), https://news.mit.edu/2023/explained-generative-ai-1109 (emphasis added).

[22] *Id.*

[23] *See id.*

and input a query, review and analyze each of the results, determine which results are on point, and

then compose an accurate, Bluebook-conforming citation to the right cases—all of which it would

have to do to be a useful research assistant. [24] Instead, these AI platforms look at legal briefs in their

training model and then create output that *looks like* a legal brief by "placing one most-likely word

after another" consistent with the prompt it received.[25]

## B.  Whether Derrick D. King violated General Order 2025-04 and Bankruptcy Rule 9011(b)(2)

As expressly laid out in the Southern District of Texas General Order 2025-04[26]:

Rule 11 of the Federal Rules of Civil Procedure requires that an attorney or self-represented litigant certifies their claims, defenses, and other legal contentions are warranted by existing law and the factual contentions have evidentiary support. Attorneys and self-represented litigants are cautioned against submitting to the Court any pleading, written motion, or other paper drafted using generative artificial intelligence (e.g., ChatGPT, Harvey.AI, generative AI services) without checking the submission for accuracy as certain technologies may produce factually or legally inaccurate content and should never replace the lawyer's independent legal judgment. Any attorney or self-represented litigant who signs a pleading, written motion, or other paper submitted to the Court will be held responsible for the contents of that filing under Rule 11, regardless of whether generative artificial intelligence drafted any portion of that filing. *See* Fed. R. Civ. P. 11(c) (providing for imposition of an "appropriate sanction"—including nonmonetary directives, a penalty payable to the court, or payment to the opposing party of attorney's fees and expenses directly resulting from the violation—if, after notice and a reasonable opportunity to respond, the Court determines that Rule 11(b) has been violated).[27]

Additionally, Bankruptcy Rule 9011(b)(2) provides that:

By presenting to the court a petition, pleading, written motion, or other document—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that, to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances

---

[24] Jennifer Case, *AI Was Supposed to Democratize Legal Research. What Happened?*, LawNext (May 14, 2025), https://directory.lawnext.com/library/ai-was-supposed-to-democratize-legal-research-what-happened/.

[25] Brian Barrett, "*You Can't Lick a Badger Twice*": *Google Failures Highlight a Fundamental AI Flaw*, Wired (Apr. 23, 2025, 7:44 PM), https://www.wired.com/story/google-ai-overviews-meaning/.

[26] Bankruptcy Local Rule 1001-1(b) ("In addition to these rules, the Local Rules of the District Court, the Administrative Procedures for CM/ECF, and the standing and general orders govern practice in the bankruptcy court.").

[27] *S.D. Tex. Gen. Order 2025-04* (May 7, 2025).

. . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument to extend, modify, or reverse existing law, or to establish new law.[28]

Plaintiff's Response to the Motion to Dismiss contains the following Generative AI hallucinations:

| No. | QUOTES AND CASES CITED BY PLAINTIFF | ACTUAL FINDINGS |
|---|---|---|
| 1 | "Bad faith is more than negligence; it includes dishonest purpose, moral obliquity, and conscious wrongdoing." *Brasher v. Stewart*, 687 S.W.2d 733, 736 (Tex. App. Dallas 1985, no writ).[29] | **Non-Existent Case**.<br><br>*Brasher v. Stewart* does not exist as cited. The volume number, reporter abbreviation, and first page of the case result in *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 736 (Tex. 1985).<br><br>The quoted text does not appear in *Sabine*. |
| 2 | "A homeowner does have standing to challenge an assignment on grounds that would render it void." *Reinagel v. Deutsche Bank Nat'l Tr. Co.*, 735 F.3d 220, 225 (5th Cir. 2013).[30] | **Misrepresentation of Authority**.<br><br>The quoted text does not appear in *Reinagel*. The case actually states, "[T]he obligor *may* defend 'on any ground which renders the assignment void,'" but "they have no right to enforce its terms unless they are its intended third-party beneficiaries." *Reinagel v. Deutsche Bank Nat'l Tr. Co.*, 735 F.3d 220, 225, 228 (5th Cir. 2013) (emphasis in original). |
| 3 | "Void assignments are legally ineffective and confer no rights on the assignee." *Morlock, L.L.C. v. Nationstar Mortgage, L.L.C.*, 447 S.W.3d 42, 45 (Tex. App. Houston [14th Dist.] 2014).[31] | **Misrepresentation of Authority**.<br><br>The quoted text does not appear in *Morlock*. The *Morlock* court actually analyzed the legal issue pertaining to a non-borrower's standing to remove an alleged cloud on its title to the property. *Morlock, L.L.C. v. Nationstar Mortg., L.L.C.*, 447 S.W.3d 42, 43, 45 (Tex. App. Houston [14th Dist.] 2014). |

---

[28] Fed. R. Bankr. P. 9011(b)(2).
[29] ECF No. 11, at 2.
[30] ECF No. 11, at 2.
[31] ECF No. 11, at 3.

| No. | QUOTES AND CASES CITED BY PLAINTIFF | ACTUAL FINDINGS |
|---|---|---|
| 4 | "[A] trustee who actively participates in the wrongful foreclosure process can be liable despite the protections of § 51.007(f)." *Miller v. Homecomings Financial, LLC*, 881 F. Supp. 2d 825, 832 (S.D. Tex. 2012).[32] | **Misrepresentation of Authority**.<br><br>The quoted text does not appear in *Miller*. The *Miller* court did not interpret Section 51.007(f) of the Texas Property Code or address any issues involving a substitute trustee's duties or protections. *Miller v. Homecomings Fin., LLC*, 881 F. Supp. 2d 825, 832 (S.D. Tex. 2012). |
| 5 | "To prove a civil conspiracy, a plaintiff must show: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex.1996).[33] | **Misrepresentation of Authority**.<br><br>The quoted text does not appear as original text from the *Juhl* court. While the case lists the common elements of a civil conspiracy claim, it appears that a majority of the text quoted by Plaintiff in the Response appears to be from a case cited by the *Juhl* court. *See Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983) ("The essential elements are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result."). |
| 6 | "[S]trict compliance with the notice and procedural requirements of the Texas Property Code is mandatory for a valid nonjudicial foreclosure." *Slaughter v. Qualls*, 162 S.W.2d 671, 675 (Tex. 1942).[34] | **Misrepresentation of Authority**.<br><br>The quoted text does not appear in *Slaughter*. Notably, the Texas Property Code was not enacted until 1983 by Acts 1983, 68th Leg., p. 3525, ch. 576, § 1, eff. Jan. 1, 1984. The Texas Supreme Court in 1942 could not have interpreted the Texas Property Code because it did not exist until it was enacted in 1983—41 years later. |

---

[32] ECF No. 11, at 4.
[33] ECF No. 11, at 4.
[34] ECF No. 11, at 5.

| No. | QUOTES AND CASES CITED BY PLAINTIFF | ACTUAL FINDINGS |
|---|---|---|
| 7 | "The appointment of a substitute trustee must occur before any foreclosure action. An appointment recorded after the sale is ineffective to confer authority retroactively." *Flagstar Bank, FSB v. Walker*, 451 S.W.3d 490, 503 (Tex. App. – Dallas 2014).[35] | **Misrepresentation of Authority**.<br><br>The quoted text does not appear in *Flagstar*.<br><br>The *Flagstar* court did not address any issues involving a substitute trustee's appointment or authority. The referenced pin cite generally addresses a party's fiduciary duty based on an agency theory. *Flagstar Bank, FSB v. Walker*, 451 S.W.3d 490, 503 (Tex. App.—Dallas 2014, no pet.). |
| 8 | "[W]here the appointment of a substitute trustee is not properly executed or is performed by someone without authority, the foreclosure sale is invalid." *Reardean v. CitiMortgage, Inc.*, No. A- 11-CA-420-SS, 2011 WL 3268307, at *4 (W.D. Tex. July 25, 2011).[36] | **Misrepresentation of Authority**.<br><br>The quoted text does not appear in *Reardean*. The *Reardean* court did not address any issues involving the invalidity of a foreclosure sale based on an improper or unauthorized appointment. The referenced pin cite generally addresses the rejected split-the-note theory. |
| 9 | "Texas law requires strict compliance with the deed of trust, and authority to appoint a substitute trustee must be properly delegated by someone with the power to do so." *Reardean v. CitiMortgage, Inc.*, No. A-11-CA-420- SS, 2011 WL 3268307, at *4 (W.D. Tex. July 25, 2011).[37] | **Misrepresentation of Authority**.<br><br>The quoted text does not appear in *Reardean*. The *Reardean* court did not address any issues involving the invalidity of a foreclosure sale based on an improper or unauthorized appointment. The referenced pin cite generally addresses the rejected split-the-note theory. |

---

[35] ECF No. 11, at 5.
[36] ECF No. 11, at 5.
[37] ECF No. 11, at 5.

| No. | QUOTES AND CASES CITED BY PLAINTIFF | ACTUAL FINDINGS |
|---|---|---|
| 10 | "A person's title is not self-proving. A misrepresentation of authority renders the document void." *Morlock, L.L.C. v. Bank of N.Y. Mellon Trust Co., N.A.*, 448 S.W.3d 514, 518 (Tex. App. Houston [1st Dist.] 2014, pet. denied).[38] | **Misrepresentation of Authority**.<br><br>The quoted text does not appear in *Morlock*. The *Morlock* court did not address any issues involving the misrepresentation of authority. The referenced pin cite generally addresses a mortgagee's right to foreclose on a property, rejecting the contention that a mortgagee must possess or produce a note prior to conducting a nonjudicial foreclosure sale. *Morlock, L.L.C. v. Bank of New York*, 448 S.W.3d 514, 518 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). |
| 11 | "A foreclosure conducted by an improperly appointed substitute trustee is void ab initio." *Miller v. Homecomings Fin., LLC*, 881 F. Supp. 2d 825, 832 (S.D. Tex. 2012).[39] | **Misrepresentation of Authority**.<br><br>The quoted text does not appear in *Miller*. The *Miller* court did not interpret Section 51.007(f) of the Texas Property Code or address any issues involving a substitute trustee's duties or protections. *Miller v. Homecomings Fin., LLC*, 881 F. Supp. 2d 825, 832 (S.D. Tex. 2012). |
| 12 | "The appointment of a substitute trustee must be completed before the trustee acts. A sale by a trustee without proper authority is without force or effect." *Flagstar Bank, FSB v. Walker*, 451 S.W.3d 490, 503 (Tex. App. – Dallas 2014).[40] | **Misrepresentation of Authority**.<br><br>The quoted text does not appear in *Flagstar*.<br><br>The *Flagstar* court did not address any issues involving a substitute trustee's appointment or authority. The referenced pin cite generally addresses a party's fiduciary duty to the other based on an agency theory. *Flagstar Bank, FSB v. Walker*, 451 S.W.3d 490, 503 (Tex. App.—Dallas 2014, no pet.). |
| 13 | "Authority to foreclose must exist before the act of foreclosure. A post hoc justification cannot cure an unauthorized act." *James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 446 (5th Cir. 2013).[41] | **Misrepresentation of Authority**.<br><br>The quoted text does not appear in *James*. The *James* court did not interpret Section 51.007(f) of the Texas Property Code or address any issues regarding the authority to foreclose. *James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 446–47 (5th Cir. 2013). Rather, the referenced pin cite holds that a plaintiff |

---

[38] ECF No. 11, at 5.
[39] ECF No. 11, at 5-6.
[40] ECF No. 11, at 6.
[41] ECF No. 11, at 6.

| No. | QUOTES AND CASES CITED BY PLAINTIFF | ACTUAL FINDINGS |
|---|---|---|
| | | cannot state a claim for wrongful foreclose because the plaintiffs failed to plead that they had lost possession of the property. |
| 14 | "The law will not presume authority when documents are defective, ambiguous, or post-dated." *Morales v. Chase Home Fin., LLC*, 667 F. Supp. 2d 678, 682 (S.D. Tex. 2009).[42] | **Non-Existent Case**.<br><br>*Morales v. Chase* does not exist as cited. The volume number, reporter abbreviation, and first page of the case result in *United States v. McCracken*, 667 F. Supp. 2d 675, 678 (W.D. Va. 2009*)*. The quoted text does not appear in *Morales*. |
| 15 | "An unexplained delay in recording the deed undermines the credibility and legality of the foreclosure." *Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 810 (N.D. Tex. 2012).[43] | **Misrepresentation of Authority**.<br><br>The quoted text does not appear in *Richardson*.<br><br>The *Richardson* court did not evaluate issues pertaining to an unexplained delay in recording a deed. *Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 810 (N.D. Tex. 2012), *aff'd*, 538 Fd. App'x 391 (5th Cir. 2013). Rather, the referenced pin cite evaluates the issue relating to a lender's waiver of its right to accelerate a mortgage and foreclose on a debt. *Id*. |
| 16 | "The delayed recording of foreclosure instruments raises the presumption that the transaction was procedurally irregular." *DTND Sierra Invs., LLC v. Bank of N.Y. Mellon Trust. Co., N.A.*, 2013 WL 1165216, at *6 (W.D. Tex. Mar. 20, 2013).[44] | **Non-Existent Case**.<br><br>*DTND Sierra v. BNY Mellon* does not exist as cited. A search of the case information results in *People v. Dehko*, No. 305041, 2013 WL 1165216, at *1 (Mich. Ct. App. Mar. 21, 2013) (per curiam). The quoted text does not appear in *Dehko*. |

---

[42] ECF No. 11, at 6.
[43] ECF No. 11, at 6.
[44] ECF No. 11, at 6.

| No. | QUOTES AND CASES CITED BY PLAINTIFF | ACTUAL FINDINGS |
|---|---|---|
| 17 | "When the stated consideration in a foreclosure deed is contradicted by the lender's own financial records, a court may infer lack of actual sale or bad faith." *Henning v. One West Bank FSB*, 405 S.W.3d 950, 957 (Tex. App. Houston [14th Dist.] 2013, no pet.).[45] | **Misrepresentation of Authority**.<br><br>The quoted text does not appear in *Henning*.<br><br>The *Henning* court did not evaluate issues pertaining to defects in the consideration. *Henning v. One West Bank FSB*, 405 S.W.3d 950, 957 (Tex. App.—Dallas 2013, no pet.). Rather, the referenced pin cite generally addresses the standards for a motion for summary judgment in state court and one party's arguments raised in its state-court motion for summary judgment. |
| 18 | "Inconsistent consideration and accounting creates a triable issue as to the legitimacy of the foreclosure transaction." *Gossett v. Fed. Home Loan Mortg. Corp.*, 2013 WL 204448, at *4 (E.D. Tex. Jan. 17, 2013).[46] | **Non-Existent Case**.<br><br>*Gossett* does not exist as cited. A search of the case name produces *Gossett v. Fed. Home Loan Mortg. Corp.*, 919 F. Supp. 2d 852 (S.D. Tex. 2013), and the quoted text does not appear in this case. |
| 19 | "Testimony that fails to substantiate a material transaction under oath undermines the credibility of the foreclosure sale and is probative of sham consideration." *Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 627 (S.D. Tex. 2010).[47] | **Misrepresentation of Authority**.<br><br>The quoted text does not appear in *Bittinger*. The *Bittinger* court did not evaluate issues pertaining to the sufficiency of evidence to support the consideration connected to a foreclosure sale. *Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 627 (S.D. Tex. 2010). Rather, the referenced pin cite discusses the requirements for a qualified written request under the Real Estate Settlement Procedures Act. *Id.* |

---

[45] ECF No. 11, at 6.
[46] ECF No. 11, at 6.
[47] ECF No. 11, at 7.

| No. | QUOTES AND CASES CITED BY PLAINTIFF | ACTUAL FINDINGS |
|---|---|---|
| 20 | "Equity abhors a forfeiture. When foreclosure is founded upon fraud, misrepresentation, or procedural default, the sale cannot stand." *Bonilla v. Roberson*, 918 S.W.2d 17, 21 (Tex. App. Corpus Christi 1996, no writ).[48] | **Misrepresentation of Authority**.<br><br>The quoted text does not appear in *Bonilla*. The *Bonilla* court did not evaluate the request to invalidate a foreclosure sale. *Bonilla v. Roberson*, 918 S.W.2d 17, 21 (Tex. App.—Corpus Christi– Edinburg 1996, no writ). Rather, the referenced pin cite assesses the validity of a foreclosure proceedings instituted by a mortgagee following a borrower's default of the mortgage agreement. |
| 21 | "Only a trustee or substitute trustee lawfully appointed under the deed of trust may conduct a foreclosure sale." *See Martin v. New Century Mortg. Co.*, 377 S.W.3d 79, 88 (Tex. App.—Houston [1st Dist.] 2012, no pet.)[49] | **Misrepresentation of Authority**.<br><br>The quoted text does not appear in *Martin*. The *Martin* court did not evaluate the appointment of a substitute trustee to conduct a foreclosure sale. *Martin v. New Century Mortg. Co.*, 377 S.W.3d 79, 88 (Tex. App.— Houston [1st Dist.] 2012, no pet.). Rather, the referenced pin cite assesses the validity of a foreclosure proceedings instituted by a mortgagee following a borrower's default of the mortgage agreement. |
| 22 | "The power of sale under a deed of Trust must be strictly followed. Otherwise, that sale is void." *Slaughter v. Qualls*, 162 S.W.2d 671, 675 (1942).[50] | **Misrepresentation of Authority**.<br><br>The quoted text does not appear in *Slaughter*. Notably, the Texas Property Code was not enacted until 1983 by Acts 1983, 68th Leg., p. 3525, ch. 576, § 1, eff. Jan. 1, 1984. The Texas Supreme Court in 1942 could not have interpreted the Texas Property Code because it did not exist until it was enacted in 1983—41 years later. |
| 23 | "Where the appointment of a substitute trustee is unauthorized, any sale made by that trustee is likewise void." *Miller v. Homecomings Fin., LLC*, 881 F. Supp. 2d 825, 832 (S.D. Tex. 2012).[51] | **Misrepresentation of Authority**.<br><br>The quoted text does not appear in *Miller*. The *Miller* court did not interpret Section 51.007(f) of the Texas Property Code or address any issues involving the appointment of substitute trustees. *Miller v. Homecomings Fin., LLC*, 881 F. Supp. 2d 825, 832 (S.D. Tex. 2012). |

---

[48] ECF No. 11, at 7.
[49] ECF No. 11, at 7.
[50] ECF No. 11, at 8.
[51] ECF No. 11, at 8.

| No. | QUOTES AND CASES CITED BY PLAINTIFF | ACTUAL FINDINGS |
|---|---|---|
| 24 | "Bad faith is more than negligence; it includes dishonest purpose, moral obliquity, and conscious wrongdoing." *Brasher v. Stewart*, 687 S.W.2d 733, 736 (Tex. App. Dallas 1985, no writ).[52] | **Non-Existent Case**.<br><br>*Brasher v. Stewart* does not exist as cited. The volume number, reporter abbreviation, and first page of the case result in *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 736 (Tex. 1985). The quoted text does not appear in *Sabine*. |
| 25 | "A delay in recording, especially when coupled with irregularities, raises a strong inference of impropriety." *Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 810 (N.D. Tex. 2012).[53] | **Misrepresentation of Authority**.<br><br>The quoted text does not appear in *Richardson*. The *Richardson* court did not evaluate issues pertaining to an unexplained delay in recording a deed. *Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 810 (N.D. Tex. 2012), *aff'd*, 538 F. App'x 391 (5th Cir. 2013). Rather, the referenced pin cite evaluates the issue relating to a lender's waiver of its right to accelerate a mortgage and foreclose on a debt. *Id.* |
| 26 | "Publication of a document asserting an interest in land, when knowingly invalid, constitutes slander of title." *Williams v. Jennings*, 755 S.W.2d 874, 879 (Tex. App. Houston [14th Dist.] 1988).[54] | **Misrepresentation of Authority**.<br><br>While the case does, in fact, assess a slander-of-title claim, the quoted text does not appear in *Williams*. *Williams v. Jennings*, 755 S.W.2d 874, 879 (Tex. App.—Houston [14th Dist.] 1988, writ denied). |
| 27 | "The court may infer a meeting of the minds from concerted action." *Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854, 857 (Tex. 1968).[55] | **Misrepresentation of Authority**.<br><br>While the case does, in fact, assess a civil conspiracy claim, the quoted text does not appear in *Williams*. *Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854, 855 (Tex. 1968). |

---

[52] ECF No. 11, at 9.
[53] ECF No. 11, at 9.
[54] ECF No. 11, at 9.
[55] ECF No. 11, at 9.

| No. | QUOTES AND CASES CITED BY PLAINTIFF | ACTUAL FINDINGS |
|---|---|---|
| 28 | "A homeowner does have standing to challenge an assignment on grounds that would render it void." *Reinagel v. Deutsche Bank Nat'l Tr. Co.*, 735 F.3d 220, 225 (5th Cir. 2013).[56] | **Misrepresentation of Authority**.<br><br>The quoted text does not appear in *Reinagel*. The case actually states, "the obligor *may* defend 'on any ground which renders the assignment void,'" but "they have no right to enforce its terms unless they are its intended third-party beneficiaries." *Reinagel v. Deutsche Bank Nat'l Tr. Co.*, 735 F.3d 220, 225, 228 (5th Cir. 2013) (emphasis in original). |
| 29 | "Void assignments are legally ineffective and confer no rights on the assignee." *Morlock, L.L.C. v. Nationstar Mortgage, L.L.C.*, 447 S.W.3d 42, 45 (Tex. App. Houston [14th Dist.] 2014).[57] | **Misrepresentation of Authority**.<br><br>The quoted text does not appear in *Morlock*. The *Morlock* court actually analyzed the legal issue pertaining to a non-borrower's standing to remove an alleged cloud on its title to the property. *Morlock, L.L.C. v. Nationstar Mortg., L.L.C.*, 447 S.W.3d 42, 43, 45 (Tex. App. Houston [14th Dist.] 2014). |
| 30 | "A trustee who actively participates in a wrongful foreclosure, especially through misrepresentations or irregularities, may be held liable despite the statutory immunity otherwise afforded under Tex. Prop. Code § 51.007(f)." *Miller v. Homecomings Fin., LLC*, 881 F. Supp. 2d 825, 832 (S.D. Tex. 2012).[58] | **Misrepresentation of Authority**.<br><br>The quoted text does not appear in *Miller*. The *Miller* court did not interpret Section 51.007(f) of the Texas Property Code or address any issues involving a substitute trustee's statutory immunity. *Miller v. Homecomings Fin., LLC*, 881 F. Supp. 2d 825, 832 (S.D. Tex. 2012). |

---

[56] ECF No. 11, at 10.
[57] ECF No. 11, at 10.
[58] ECF No. 11, at 11.

| No. | QUOTES AND CASES CITED BY PLAINTIFF | ACTUAL FINDINGS |
|---|---|---|
| 31 | "When documents recorded in the public record reflect inconsistent consideration, and parties are unable to substantiate the consideration, it raises a fact issue as to whether the sale was legitimate." *Gossett v. Fed. Home Loan Mortg. Corp.*, 2013 WL 204448, at *4 (E.D. Tex. Jan. 17, 2013).[59] | **Non-Existent Case**. <br><br> *Gossett* does not exist as cited. A search of the case name produces *Gossett v. Fed. Home Loan Mortg. Corp.*, 919 F. Supp. 2d 852 (S.D. Tex. 2013), and the quoted text does not appear in this case. |
| 32 | "Equity will not enforce a foreclosure that is tainted with concealment, irregularity, or fraud." *Bonilla v. Roberson*, 918 S.W.2d 17, 21 (Tex. App. Corpus Christi 1996, no writ).[60] | **Misrepresentation of Authority**. <br><br> The quoted text does not appear in *Bonilla*. The *Bonilla* court did not evaluate fraud or related allegations regarding the validity of a sale. *Bonilla v. Roberson*, 918 S.W.2d 17, 21 (Tex. App.—Corpus Christi–Edinburg 1996, no writ). Rather, the referenced pin cite assesses the validity of a foreclosure proceeding instituted by a mortgagee following a borrower's default of the mortgage agreement. |

Derrick D. King included the above AI-generated citations in the Plaintiff's Response to the Motion to Dismiss and failed to ensure the caselaw cited to was accurate before he filed the pleading with this Court. Southern District of Texas General Order 2025-04 provides: "[a]ny attorney or self-represented litigant who signs a pleading, written motion, or other paper submitted to the Court will be held responsible for the contents of that filing under Rule 11, regardless of whether generative artificial intelligence drafted any portion of that filing." Bankruptcy Rule 9011(b)(1)-(2) provides that when a party presents a pleading to the Court, "by signing, filing,

---

[59] ECF No. 11, at 11.
[60] ECF No. 11, at 11.

submitting, or later advocating it—an attorney or unrepresented party certifies that . . . it is not presented for any improper purpose . . . [and] the claims, defenses, and other legal contentions are warranted by existing law." Furthermore, the court can "impose an appropriate sanction" for violations of Bankruptcy Rule 9011(b).[61] The available sanctions include a nonmonetary directive, an order to pay a penalty to the court, or, in some circumstances, an order directing the violator to pay his or her opponent's attorneys' fees.[62] But sanctions "must be limited to what suffices to deter repetition of the conduct or deter comparable conduct by others similarly situated."[63]

Here, Derrick D. King included AI hallucinations in the Plaintiff's Response to the Motion to Dismiss, as enumerated above.[64] At the show cause hearing on August 21, 2025, Derrick D. King testified as follows:

| | |
|---|---|
| THE COURT: | This Document 11, the one that's been referred to here as a "Response," . . . it was drafted by you, correct? |
| MR. KING: | In portion, your Honor, . . . my client helped, we helped each other solve issues and thoughts, I was working on the factual concerns . . . and work she provided to me I took it and looked at it -- |
| THE COURT: | Is your client an attorney? |
| MR. KING: | No, not at all your Honor, just was essentially helping me with the theories of the case and then when I went forward with it. I just didn't go all the way through. |
| THE COURT: | The law in these 32 cases that you cited, how did you come about it, putting those cases and citations in your pleading? . . . How was that developed? |
| MR. KING: | The work that my client and I were working on, she provided what she thought was correct, and I accepted it and didn't necessarily think anything of it, so, I went with it, and -- |
| THE COURT: | Did you check any of these cases? |

---

[61] *See* Fed. R. Bankr. P. 9011(c)(1).
[62] *Id.* at (c)(4)(A).
[63] *Id.*
[64] *See supra*, III.B.

MR. KING:                 I did your Honor, I checked some of them, and that's what I'm saying to the court, there's no excuse, I'm owning it but the problem was that I wasn't using Westlaw at the time . . . .[65]

THE COURT:              I don't understand how you came up with some of these cases . . . were they generated through some kind of AI platform?

MR. KING:                 Not on my behalf your honor . . .

THE COURT:              Well, have you tried to figure out how they were created, have you asked your client, do I need to put your client on the stand?

MR. KING:                 I don't know how she came up with some of the concepts . . . I don't know what happened or how it happened, I failed, and I acknowledge that, but I don't, I didn't do any AI work . . .

THE COURT:              That still doesn't answer my question.

MR. KING:                 She may have used AI, your Honor, I'm not saying that she didn't, I-I don't know . . .[66]

The Court then called Ms. Kheir to the stand, who testified as follows:

THE COURT:              Did you assist Mr. King in preparation of this document, the one that we're referring to here? Document 11?

MS. KHEIR:              Yes, your Honor.

THE COURT:              Ok. And what kind of legal training do you have?

MS. KHEIR:              I went to Rice University, and as a paralegal.

THE COURT:              Do you have a certificate?

MS. KHEIR:              I do . . .

The COURT:              How did you come up with these cases, did you give Mr. King these cases?

MS. KHEIR:              I did, I did give him some . . .

THE COURT:              Ok, so did you use some form of generative AI?

MS. KHEIR:              Yes, from my professor --

---

[65] Show Cause Hr'g Recording, at 10:35:32-36:52, August 21, 2025.
[66] *Id.* at 10:38:30-39:38.

THE COURT:          You did?

MS. KHEIR:          Yes, mmhmm.

THE COURT:          Did you verify any of these cases?

MS. KHEIR:          I didn't have access to Westlaw or Lexis at the time . . . and I just want to say that I apologize to the court, because I feel like it generated from me . . . I made a mistake.[67]

    Thus, Plaintiff admitted giving Derrick D. King cases created by generative AI, and Derrick D. King failed to ensure that the cases were real and that the case quotations were accurate before he signed the Response to the Motion to Dismiss and filed it with this Court.[68] Therefore, Derrick D. King filed a signed pleading asserting legal contentions that were not "warranted by existing law," as required by Bankruptcy Rule 9011(b)(2) and Southern District of Texas General Order 2025-04 and is therefore subject to appropriate sanctions.

    For the reasons stated above, the Court finds that Derrick D. King violated Southern District of Texas General Order 2025-04 and Bankruptcy Rule 9011 and is ordered to (1) reimburse Counsel for Auction.Com, Inc., for its reasonable and necessary attorney's fees and costs associated with this matter. Counsel for Auction.Com, Inc. is invited to file a fee application for its reasonable and necessary fees associated with this matter no later than November 17, 2025; (2) register and obtain six hours of continuing education from the State Bar of Texas on the use of generative AI in the courts; (3) provide a copy of this Court's order to his client, and (4) file a certificate of compliance with the Clerk of Court which must be accomplished no later than December 31, 2025. Mr. King will also be referred to Chief United States District Judge Randy Crane and the State Bar of Texas Chief Disciplinary Counsel for possible disciplinary action.

---

[67] *Id.* at 10:45:20-47:52.
[68] ECF No. 11.

### IV.   CONCLUSION

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

**SIGNED November 4, 2025**

**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**