United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 18, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 24-35814 |
| DEONDRA JOYCE KHEIR, | § | |
| | § | CHAPTER 7 |
| Debtor. | § | |
| | § | |
| DEONDRA JOYCE KHEIR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 25-3033 |
| | § | |
| TITAN TEAM LLC, THE MONEY | § | |
| SOURCE INC., and AUCTION.COM, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION

Deondra J. Kheir asserts a variety of causes of action against Auction.com, LLC, The Money Source, Inc., and Titan Team, LLC, but fails to plead enough facts to state a plausible claim for relief. Furthermore, Deondra J. Kheir fails to specify who she is making each claim against, thus preventing Auction.com, LLC, The Money Source, Inc., or Titan Team, LLC, from receiving fair notice of the claims against them. For these reasons, Deondra J. Kheir's complaint is dismissed. Deondra J. Kheir also had another recent bankruptcy case in this Court, Case No. 23-03146, and because the complaint she filed in the instant adversary proceeding is essentially a rehash of her complaint in her first bankruptcy case, this Court's dismissal of the complaint in the instant proceeding is with prejudice. Deondra J. Kheir also filed a motion for leave to amend her response to the motion to dismiss filed by Auction.com and then amended her motion for leave to amend twice, with the second version mooting the first two. But because her second amended motion for leave to amend the motion to dismiss was untimely and her failure to act was not a

result of excusable neglect, her second amended motion for leave to amend the motion to dismiss is denied.

## I. FINDINGS OF FACT

This Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52 ("*Rule*"), which is made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7052 ("*Bankruptcy Rule*"). To the extent that any finding of fact constitutes a conclusion of law, it is adopted as such. To the extent that any conclusion of law constitutes a finding of fact, it is adopted as such. This Court made certain oral findings and conclusions on the record. This Memorandum Opinion supplements those findings and conclusions. If there is an inconsistency, this Memorandum Opinion controls.

**A. Background**

1. On May 3, 2022, The Money Source, Inc., ("*Money Source*") foreclosed on 9711 Faulkner Trail, Rosharon, Texas 77583 ("*Rosharon Property*") which was where Deondra J. Kheir ("*Plaintiff*") resided.[1]

2. On February 8, 2023, Plaintiff filed a complaint against Auction.com, The Money Source, and Titan Team, LLC (collectively, the "*Defendants*"), in a previous bankruptcy case in the Southern District of Texas Bankruptcy Court.[2] The complaint was dismissed on May 21, 2024.[3]

3. On February 11, 2025, Plaintiff filed her "Original Complaint To Determine The Validity, Priority, Existence or Extent of The Valadity [Sic] Of Assignment(s), Contract, Title, Liens And Request For Declaratory Judgment and Other Claim(s)" (the "*Complaint*").[4]

4. On May 23, 2025, Auction.Com, LLC, ("*Auction.com*") filed "Defendant Auction.Com, LLC's Motion To Dismiss Plaintiff's Complaint (Doc. No. 1) And Brief In Support" ("*Auction.com's Motion to Dismiss*").[5]

---

[1] ECF No. 1, at 4.
[2] *Kheir v. Titan Team, LLC, The Money Source, LLC & Auction.com*, No. 23-03146, ECF No. 1 (S.D. Tex. Bankr. May 24, 2024).
[3] *Id.* at ECF No. 51.
[4] ECF No. 1.
[5] ECF No. 8.

5. On May 23, 2025, Money Source filed its "Motion To Dismiss Plaintiff's Complaint (Doc. 1) and Brief In Support" ("*Money Source's Motion to Dismiss*").[6]

6. On June 11, 2025, Plaintiff filed "Plaintiff's Response In Opposition To Defendant Auction.Com, LLC's Motion To Dismiss" ("*Response to the Motion to Dismiss*").[7]

7. On July 2, 2025, Auction.Com, LLC, filed its "Auction.com, LLC's Reply in Support of its Motion to Dismiss Plaintiff's Complaint" (the "*Reply*") alleging that Derrick D. King ("*Plaintiff's Counsel*") utilized generative artificial intelligence to manufacture legal authority without verification of the content within such authorities, or the existence of such authorities.[8]

8. On July 3, 2025, this Court issued a show cause order requiring Mr. Derrick D. King to demonstrate to the Court either (1) why Derrick D. King has not violated Federal Rule of Civil Procedure 11(b) or (2) why Derrick D. King should not be sanctioned pursuant to Rule 11 or this Court's inherent authority (the "*Show Cause Order*").[9]

9. On July 16, 2025, Titan Team, LLC, ("*Titan*") filed its "Notice Of Appearance And Motion To Dismiss Plaintiff's Original Complaint (Doc 1)."[10]

10. On August 5, 2025, Plaintiff filed her "Formal Opposition To Titan Team LLC's Motion To Dismiss."[11]

11. On August 5, 2025, Plaintiff filed her "Motion For Leave To Filr [Sic] An Amended Response To Auction.Com And The Money Sources Inc.'s Motion To Dismiiss [Sic]" ("*Motion for Leave to Amend the Response to the Motion to Dismiss*").[12]

12. On August 6, 2025, Plaintiff filed her "Motion For Leave To Filr [Sic] An Amended Adversary Petition" ("*First Amended Motion for Leave to Amend the Response to the Motion to Dismiss*").[13]

13. On August 6, 2025, Plaintiff filed her "Motion For Leave To File An Amended Response To Auction.Com And The Money Sources Inc.'s Motion To Dismiiss [Sic]" ("*Second Amended Motion for Leave to Amend the Response to the Motion to Dismiss*").[14]

---

[6] ECF No. 9.
[7] ECF No. 11.
[8] ECF No. 15.
[9] ECF No. 16.
[10] ECF No. 19.
[11] ECF No. 20.
[12] ECF No. 21.
[13] ECF No. 22.
[14] ECF No. 23.

14. On August 19, 2025, Auction.Com filed "Auction.Com's Response In Opposition To Plaintiff's Motion For Leave To File An Amended Response To Auction.Com's Motion To Dismiss" ("*Response to Motion for Leave to Amend*").[15]

15. On August 19, 2025, Auction.Com filed "Auction.Com's Response In Opposition To Plaintiff's Motion For Leave To File An Amended Adversary Petition."[16]

16. On August 21, 2025, the Court held a hearing and now issues its instant Memorandum Opinion.

## II.    CONCLUSIONS OF LAW

**A. Jurisdiction and Venue**

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334 and exercises its jurisdiction in accordance with Southern District of Texas General Order 2012–6.[17] Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[18] This court determines that pursuant to 28 U.S.C. § 157(b)(2)(A), (K)  and (O) this proceeding is a core matter, as it primarily involves proceedings concerning the administration of this estate.[19] This proceeding is also core under the general "catch-all" language because such a suit is the type of proceeding that can only arise in the context of a bankruptcy case.[20] Thus, this Court has jurisdiction over this matter.

This Court may only hear a case in which venue is proper.[21] 28 U.S.C. § 1409(a) provides that "a proceeding arising under title 11 or arising in or related to a case under title 11 may be

---

[15] ECF No. 32.
[16] ECF No. 33.
[17] *In re: Order of Reference to Bankruptcy Judges*, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).
[18] *See id.*; 28 U.S.C. § 157(a).
[19] *See* 11 U.S.C. § 157(b)(2)(A) & (O).
[20] *See Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.*), 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under § 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.") (quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)).
[21] 28 U.S.C. § 1408.

commenced in the district court in which such case is pending." The underlying chapter 7 case is pending in this Court,[22] and so venue is proper.

## B. Constitutional Authority to Enter a Final Order

While bankruptcy judges can issue final orders and judgments for core proceedings, absent consent, they can only issue reports and recommendations on non-core matters.[23] The matter pending before this Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (K) and (O). Accordingly, this Court concludes that the narrow limitation imposed by *Stern v. Marshall* does not prohibit this Court from entering a final order here.[24] Thus, this Court wields the constitutional authority to enter a final order.

### III.   ANALYSIS

## A. The 12(b)(6) Standard

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must clear two hurdles. First, the complaint must describe the claim in enough detail to give fair notice of the claim and the grounds for it.[25] "[A] formulaic recitation of the elements of a cause of action will not do."[26] Specifics are unnecessary, but some facts must support each element.[27] Second, the complaint must state a claim "plausible on its face,"[28] meaning the plaintiff's right to relief must

---

[22] Bankr. ECF No. 1. "Bankr. ECF" refers to docket entries made in the Debtor's bankruptcy case, No. 24-35814. Entries made in Plaintiff's Case No. 25-3033 shall take the format of ECF No. __.
[23] *See* 28 U.S.C. §§ 157(b)(1), (c)(1); *see also Stern v. Marshall*, 564 U.S. 462, 480 (2011); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1938–40 (2015).
[24] *See, e.g.*, *Badami v. Sears (In re AFY, Inc.)*, 461 B.R. 541, 547-48 (8th Cir. BAP 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); *see also Tanguy v. West (In re Davis)*, No. 00-50129, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that *Stern* invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against the estate,' *Stern* expressly provides that its limited holding applies only in that 'one isolated respect.' We decline to extend *Stern's* limited holding herein.") (citing *Stern v. Marshall*, 564 U.S. 462, 503 (2011)).
[25] *See* Fed. R. Civ. P. 8(a) (made applicable by Fed. R. Bankr. P. 7008).
[26] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).
[27] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).
[28] *Twombly*, 550 U.S. at 570.

rise above a "speculative level."[29] Rule 8(a)(2) requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief."[30] In *Ashcroft v. Iqbal*, the Supreme Court held that Rule 8(a)(2) requires that "the well-pleaded facts . . . permit the court to infer more than the mere possibility of misconduct."[31] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[32] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[33] Additionally, the allegations must be specific enough to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[34]

Motions to dismiss are disfavored and thus, rarely granted.[35] When considering a motion to dismiss under Rule 12(b)(6), courts accept well-pleaded allegations as true and liberally construe the complaint in favor of the plaintiff.[36] This Court reviews motions under Rule 12(b)(6) by "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs."[37] When considering a motion to dismiss under Rule 12(b)(6), the Court must assess the legal feasibility of the complaint, not weigh the evidence that might be offered in its support.[38] The Court's consideration "is limited to facts stated on the face of the complaint and in the documents appended to the complaint or incorporated in the complaint by reference, as well as to

---

[29] *Id.* at 555.
[30] Fed. R. Civ. P. 8(a).
[31] 556 U.S. at 679 (quoting Rule 8(a)(2)).
[32] *Id.* at 678.
[33] *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) ("A complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true raise a right to relief above the speculative level.") (citations omitted).
[34] *Twombly*, 550 U.S. at 545 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).
[35] *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005).
[36] *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986).
[37] *Stokes v. Gann*, 498 F. 3d 483, 484 (5th Cir. 2007) (per curiam).
[38] *Koppel v. 4987 Corp.*, 167 F.3d 125, 133 (2d Cir. 1999).

matters of which judicial notice may be taken."[39] And although this Court "will not strain to find inferences favorable to the plaintiff[],"[40] the facts need only be sufficient "for an inference to be drawn that the elements of the claim exist."[41] To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must meet Rule 8(a)(2)'s pleading requirements.

Fraud claims must, in addition, meet Rule 9(b)'s heightened pleading requirements. Under Rule 9(b), fraud claims must be alleged with particularity concerning the circumstances of the fraud.[42] "To plead fraud adequately, the plaintiff must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'"[43]

Normally, in ruling on a Rule 12(b)(6) motion to dismiss, the Court cannot look beyond the pleadings, and must "accept[] as true those well-pleaded factual allegations in the complaint."[44] In addition to facts alleged in the pleadings, however, the Court "may also consider matters of which [it] may take judicial notice."[45] Additionally, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."[46] Furthermore, pursuant to Rule 10(c),

---

[39] *Hertz Corp. v. City of New York*, 1 F.3d 121, 125 (2d Cir. 1993).
[40] *Southland Sec. Corp. v. INSpire Ins. Sols. Inc.*, 365 F.3d 353, 361 (5th Cir. 2004) (internal quotations omitted).
[41] *See Harris v. Fidelity Nat'l Info. Serv. (In re Harris)*, Nos. 03-44826, 08-3014, 2008 Bankr. LEXIS 1072 at *11 (Bankr. S.D. Tex. Apr. 4, 2008) (citing *Walker v. S. Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990)).
[42] Fed. R. Civ. P. 9(b). *See Oppenheimer v. Prudential Sec. Inc.*, 94 F.3d 189, 195 (5th Cir. 1996) (upholding district court's dismissal of fraud claims where the plaintiff failed to allege when an allegedly fraudulent sales charge was incurred or the extent of her damages); *Red Rock v. JAFCO Ltd.*, 1996 WL 97549, at *3 (5th Cir. 1996) (holding that the plaintiff's allegations did not satisfy Rule 9(b) where they failed to allege the time, place, or content of any misrepresentations).
[43] *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010) (quoting *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)).
[44] *Hall v. Hodgkins*, 305 F. App'x 224, 227–28 (5th Cir. 2008); *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994); *Test Masters Educ. Serv., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005).
[45] *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996); *see* Fed. R. Evid. 201(f) ("Judicial notice may be taken at any stage of the proceeding.").
[46] *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *see also Cinel*, 15 F.3d at 1343 n.6 ("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record.").

exhibits attached to a complaint are part of the complaint for all purposes. It is proper for the Court to consider the exhibits as part of the complaint for purposes of a Rule 12(b)(6) motion.[47]

### B. Defendant Titan Team, LLC's Motion to Dismiss

Plaintiff has brought the following causes of action: Count I – Breach of Fiduciary Duty; Count II – Wrongful Foreclosure; Count III – Unjust Enrichment; Count IV – Equitable Relief; Count V – Quiet Title; Count VI – Fraudulent Concealment; and Count VII – Civil Conspiracy.[48] But because Plaintiff fails to state a plausible claim for relief and fails to give the Defendants fair notice of the claims against them, all Counts in this Complaint must be dismissed.

### 1. Breach of Fiduciary Duty

Plaintiff has failed to properly state a breach of fiduciary duty claim because Plaintiff fails to allege who she had a fiduciary relationship with, how the relationship was formed, and what her injuries were. To prove a breach of fiduciary duty, a plaintiff must show that (a) there was a fiduciary relationship between the plaintiff and defendant; (b) the defendant breached the fiduciary duty; and (c) the defendant's breach resulted in injury to the plaintiff.[49]

Here, Plaintiff alleges "[a]s a holder of any right of any kind to convey, sale, foreclosures, negotiate any aspect of the note, deed, or lien concerning the property, the Defendants were acting in the capacity of a fiduciary."[50] It appears Plaintiff is alleging a fiduciary relationship was formed between herself and a Defendant, but Plaintiff fails to specify which Defendant or how that relationship arose. Plaintiff also alleges she was "misled" into paying her mortgage payment to the wrong service provider, but she fails to state who misled her and who the correct service provider

---

[47] *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F. 3d 370, 376 (5th Cir. 2004).
[48] *See generally* ECF No. 1.
[49] *Pfeiffer v. Ajamie, PLLC*, 469 F. Supp. 3d 752, 761 (S.D. Tex. 2019) (citing *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 283 (5th Cir. 2007)).
[50] ECF No. 1, at 6.

was.[51] Plaintiff further alleges she was "damaged by the defendants [sic] breach" but fails to allege what her injury was.[52] Thus, Plaintiff has failed to allege a breach of fiduciary duty claim because she did not specify who the fiduciary relationship was with, how it was formed, or what her injury was. She also failed to identify which Defendant or Defendants she is bringing the claim against, thus depriving them of fair notice of the claims against them. Therefore, the Court finds that Plaintiff's breach of fiduciary claim fails because Plaintiff has failed to state a plausible claim for relief.

   2. **Wrongful Foreclosure**

Plaintiff has failed to make a valid wrongful foreclosure claim because she does not state who wrongfully foreclosed on her property or why the foreclosure was wrongful. To prove a wrongful foreclosure claim, the plaintiff must show that "(a) there was a defect in the foreclosure sale proceedings; (b) a grossly inadequate selling price; and (c) a causal connection between the two."[53]

Here, Plaintiff claims she did not receive "required statutory notices" but does not specify what notices she did not receive, or how the failure to receive these notices is a foreclosure proceeding defect.[54] Plaintiff further claims "she believes she was led to pay the wrong servicer" but does not allege how she was misled or by whom.[55] Plaintiff also claims the Rosharon Property was sold for a grossly inadequate selling price but does not say what the price was or why it was grossly inadequate.[56] Furthermore, Plaintiff fails to allege a causal connection between any

---

[51] ECF No. 1, at 5-6.
[52] ECF No. 1, at 6.
[53] *Bridges v. Bank of N.Y. Mellon*, No. CV H-17-1429, 2018 WL 836061, at *10 (S.D. Tex. Feb. 12, 2018) (quoting *Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d 249, 256 (5th Cir. 2013)); *Biggers v. BAC Home Loans Serv., L.P.*, 767 F. Supp. 2d 725, 730 (N.D. Tex. 2011).
[54] ECF No. 1, at 6.
[55] ECF No. 1, at 6.
[56] ECF No. 1, at 6.

supposed defect and allegedly inadequate selling price. Additionally, Plaintiff has failed to specify who she is bringing this wrongful foreclosure claim against. Thus, Plaintiff has failed to make a valid wrongful foreclosure claim because she does not allege facts showing a defect in foreclosure sale proceeds, a grossly inadequate selling price, or a causal connection between the defect and inadequate selling price, and she has failed to specify which Defendant or Defendants she is bringing the claim against, thus depriving the Defendants of fair notice of the claims against them. Therefore, the Court finds that Plaintiff's wrongful foreclosure claim fails because Plaintiff has failed to state a plausible claim for relief.

3. **Unjust Enrichment**

Plaintiff failed to make a valid unjust enrichment claim because she does not say who was unjustly enriched or how. To claim unjust enrichment, the plaintiff must prove (a) that the defendant "wrongfully secured a benefit or has passively received one which it would be unconscionable to retain."[57] Additionally, a person is wrongfully enriched when they use fraud or duress to obtain a benefit from another.[58] Here, Plaintiff alleges she was "misled" into paying the wrong service provider but does not provide any facts indicating how she was misled, who misled her, or who received payments they were not entitled to.[59] Thus, Plaintiff fails to make an unjust enrichment claim because she does not specify how she was misled or who the Defendant or Defendants are, and she has not given fair notice to the Defendants by specifying which of them she is bringing this action against. Therefore, the Court finds that Plaintiff's unjust enrichment claim fails because Plaintiff has failed to state a plausible claim for relief.

4. **Equitable Relief**

---

[57] *Eun Bok Lee v. Ho Chang Lee*, 411 S.W.3d 95, 111 (Tex. App. 2013) (quoting *Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 367 (Tex. App. 2009)).
[58] *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992).
[59] ECF No. 1, at 6-7.

Plaintiff brings a laundry list of equitable relief claims but does not plead facts to support them. Plaintiff states she is bringing claims for recission, reformation, detrimental reliance, and injunctive relief, but does not list the elements of any of them.[60] Recission requires the Plaintiff to show the Defendant committed a fraud and that (1) the parties remain in the status quo, meaning they have not retained benefits under the contract; or (2) there are equitable considerations showing that the status quo relationship is not needed.[61] The only facts Plaintiff alleges are that there were "irregularities in the servicing of the loan [and] managing the deed of trust, and or the foreclosure process," but she does not state what the irregularities are, or what fraud the Defendant allegedly committed.[62] Plaintiff also fails to plead facts showing the parties remain in the status quo they were in when the loan agreement was formed, or why the status quo relationship is not needed. Thus, Plaintiff has not made a valid recission claim because she has not pled facts showing what fraud the Defendant allegedly committed, that the parties remain in the status quo, or that the status quo relationship is not needed. Therefore, the Court finds that Plaintiff's recission claim fails because Plaintiff has failed to state a plausible claim for relief.

Plaintiff also makes a reformation claim but fails to allege mutual mistake. Reformation requires there to be an original agreement and a mutual mistake made when the original agreement was reduced to writing.[63] But Plaintiff only alleges there were irregularities in the *servicing* of the loan, not in the *formation* of the loan agreement.[64] Thus, Plaintiff has not pled any facts showing mutual mistake and so has failed to make a valid reformation claim. Therefore, the Court finds that Plaintiff's reformation claim fails because Plaintiff has failed to state a plausible claim for relief.

---

[60] ECF No. 1, at 7.
[61] *Isaacs v. Bishop*, 249 S.W.3d 100, 110 (Tex. App. 2008) (citing *Gentry v. Squires*, 188 S.W.3d 396, 410 (Tex. App. 2006)).
[62] ECF No. 1, at 7.
[63] *Richmond v. Wells*, 395 S.W.3d 262, 268 (Tex. App. 2012) (citing *Simpson v. Curtis*, 351 S.W.3d 374, 378 (Tex. App. 2010)).
[64] ECF No. 1, at 7.

Plaintiff also claims detrimental reliance, which is an element of promissory estoppel.[65] Promissory estoppel requires there to be a promise, the promisor must foresee that the promisee will rely on that promise, and the promisee must detrimentally rely on the promise.[66] To prove detrimental reliance, the Plaintiff must show that the Plaintiff changed their position in reliance on the promise.[67] Here again, Plaintiff only alleges "irregularities in the servicing of the loan."[68] Plaintiff thus fails to allege facts indicating what the promise was, that the Defendant foresaw the Plaintiff would rely on the promise, and that the Plaintiff detrimentally relied on the promise. Therefore, the Court finds that Plaintiff's detrimental reliance claim fails because Plaintiff has failed to state a plausible claim for relief.

Finally, Plaintiff makes a bare claim for "injunctive relief" but fails to specify what type of injunctive relief she wants or who she wants an injunction against. Therefore, the Court finds that Plaintiff's injunctive relief claim fails because Plaintiff has failed to state a plausible claim for relief.

5. **Quiet Title**

Plaintiff has failed to prove the elements necessary to establish quiet title because she has not alleged why Defendant's claim is unenforceable. To prevail in a quiet title suit, a plaintiff must prove that (a) the plaintiff has an interest in a specific property; (b) title is affected by the defendant's claim; and (c) the defendant's claim is facially valid but is unenforceable.[69] Plaintiff does allege an interest in the Rosharon Property, and that the Rosharon Property was foreclosed

---

[65] *Enter. Crude GP LLC v. Sealy Partners, LLC*, 614 S.W.3d 283, 307 (Tex. App. 2020) (citing *Simulis, LLC v. Gen. Elec. Capital Corp.*, No. 14-06-00701-CV, 2008 WL 1747483, at *2 (Tex. App. Apr. 17, 2008).
[66] *Id.*
[67] *Id.*
[68] ECF No. 1, at 7.
[69] *JPMorgan Chase Bank, N.A. v. Ablett*, No. 417CV00888ALMCAN, 2018 WL 4517628, at *5 (E.D. Tex. Aug. 17, 2018) (citing *McKinney Ave. Props. No. 2, Ltd. v. Branch Bank & Tr. Co.*, No. 05–14–00206–CV, 2015 WL 3549877, at *7 (Tex. App. 2015)).

upon by Money Source.[70] Plaintiff also alleges—very generally—that "all defendants made a false material misrepresentation" regarding their "authority to foreclose [or] initiate the foreclosure" and "all defendants breached their duty and failed to perform as their alleged roles and titles imply and invoke."[71] But Plaintiff has pled no facts showing why the Defendants' claim to the property is unenforceable. Thus, Plaintiff has failed to make a valid quiet title claim because she has not alleged any facts showing why Defendant's claim is unenforceable. Therefore, the Court finds that Plaintiff's quiet title claim fails because Plaintiff has failed to state a plausible claim for relief.

### 6. Fraudulent Concealment

Plaintiff fails to make a valid fraudulent concealment claim because she has not alleged why the foreclosure was wrongful, how it was concealed, and which Defendant or Defendants concealed it. Under Texas law, the plaintiff must specify the "who, what, when, where, and how" of the alleged fraud.[72] The plaintiff must also prove that the defendant (a) has actual knowledge of the wrong; (b) has a duty to disclose the wrong; and (c) a fixed purpose to conceal the wrong.[73]

Here, Plaintiff states Defendants "are liable for the wrongful foreclosure and the other torts committed by them, they knew when they acted, it was wrongful and in error, they used the legal process to conceal whatever knowledge regarding the note."[74] But Plaintiff has not specified why the alleged foreclosure was fraudulent, how the foreclosure was concealed, or which Defendant or Defendants concealed it. Plaintiff has also failed to allege that the Defendant or Defendants had a duty to disclose the foreclosure and had a fixed purpose in concealing it. Thus, Plaintiff has failed to make a valid fraudulent concealment claim because she has not alleged specific facts indicating

---

[70] ECF No. 1, at 3-4.
[71] ECF No. 1, at 7.
[72] *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997) (quoting *Melder v. Morris*, 27 F.3d 1097, 1100 n.5 (5th Cir. 1994).
[73] *Adams v. Nissan N. Am., Inc.*, 395 F. Supp. 3d 838, 847 (S.D. Tex. 2018) (citing *Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 926 F. Supp. 2d 935, 950 (S.D. Tex. 2013)).
[74] ECF No. 1, at 8.

why the foreclosure was wrongful, how it was concealed, or that there was a fixed purpose in concealing it. Nor has Plaintiff given fair notice to the Defendants by specifying which of them she is bringing this action against. Therefore, the Court finds that Plaintiff's fraudulent concealment claim fails because Plaintiff has failed to state a plausible claim for relief.

### 7. Civil Conspiracy

Plaintiff fails to make a valid civil conspiracy claim because she has not alleged what the goal of the conspiracy was or who was involved. To make a valid civil conspiracy claim under Texas law, Plaintiff must prove there were (a) at least two persons involved; (b) an object to be accomplished; (c) a meeting of the minds on the course of action; (d) one or more unlawful acts; and (e) damages as a proximate result.[75] Plaintiff alleged "defendants had a desire to keep quite [sic]" about the "sham of authority to act and or interact with the property."[76] Plaintiff is unclear about what sham was allegedly perpetrated. Plaintiff has also failed to allege which Defendants specifically were involved, what their goal was, whether they had a meeting of the minds, and what damages were caused. Thus, Plaintiff has failed to plead a civil conspiracy claim because she has not pled facts alleging any of the elements were met and has not given fair notice to the Defendants by specifying which of them she is bringing this action against. Therefore, the Court finds that Plaintiff's civil conspiracy claim fails because Plaintiff has failed to state a plausible claim for relief.

Thus, Plaintiff has failed to plead sufficient facts to make a valid claim for breach of fiduciary duty, wrongful foreclosure, unjust enrichment, equitable relief, quiet title, fraudulent concealment, or civil conspiracy.

### C. Plaintiff's Motion for Leave to Amend

---

[75] *Conger v. Danek Med., Inc.*, 27 F. Supp. 2d 717, 722 (N.D. Tex. 1998).
[76] ECF No. 1, at 8.

Plaintiff's Motion for Leave to Amend the Response to the Motion to Dismiss was mooted by her subsequent amendments to it. If a motion for leave to amend a response to a motion to dismiss is itself later amended by a subsequent pleading, the first motion for leave to amend is rendered moot.[77] Here, Plaintiff amended her Motion for Leave to Amend the Response to the Motion to Dismiss twice by filing her First Amended Motion for Leave to Amend the Response to the Motion to Dismiss and her Second Amended Motion for Leave to Amend the Response to the Motion to Dismiss, both on August 6, 2025.[78] The Second Amended Motion for Leave to Amend the Response to the Motion to Dismiss therefore renders the prior two versions of the motion moot.

Plaintiff's Second Amended Motion for Leave to Amend the Response to the Motion to Dismiss was untimely.[79] Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it." Plaintiff filed her Response to the Motion to Dismiss on June 11, 2025,[80] and then filed her Second Amended Motion for Leave to Amend the Response to the Motion to Dismiss more than 21 days later, on August 6, 2025.[81] The Second Amended Motion for Leave to Amend the Response to the Motion to Dismiss was therefore untimely.

Bankruptcy Rule 9006(b)(1)(B) allows an extension of time to file a response if the failure to act "resulted from excusable neglect." When deciding whether there was excusable neglect, courts consider the following four factors:

> (1) the danger of prejudice to the debtor, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it

---

[77] *See Griffin v. Am. Zurich Ins. Co.*, 697 F. App'x 793, 797 (5th Cir. 2017); *see also Intercurrency Software LLC v. Foris DAX Asia PTE. LTD.*, No. 2:23-CV-00361-JRG, 2025 WL 364076, at *1 (E.D. Tex. Jan. 31, 2025).
[78] ECF No. 21, 22, 23.
[79] *See* Fed. R. Civ. P. 15(a)(1)(B).
[80] ECF No. 11.
[81] ECF No. 23.

was within the reasonable control of the movant, and (4) whether the movant acted in good faith.[82]

The movant bears the burden of establishing excusable neglect.[83]

### 1. Danger of prejudice to the Debtor

The debtor, who in this case is the Plaintiff, would not be prejudiced if the Second Amended Motion for Leave to Amend the Response to the Motion to Dismiss is granted. Under this factor, the Court considers whether allowing amendment of a pleading will prejudice the debtor.[84] Plaintiff argues "[n]o injury is foreseen to any party by allowing the corrected Responses to be allowed."[85] Auction.com argues that Auction.com would have to incur expenses to prepare and respond to an amended Response to the Motion to Dismiss.[86] But here, the consideration is whether the *debtor* is prejudiced, not the Defendants. It does not appear there is any reason Plaintiff would be prejudiced by allowing her to amend the Response to the Motion to Dismiss. Thus, this factor weighs in favor of the Plaintiff because there is no reason she would be prejudiced if she were allowed to amend her Response to the Motion to Dismiss.

### 2. Length of delay and its impact on judicial proceedings

Plaintiff fails to show the delay would not impact judicial proceedings. Courts consider the length of delay and whether it would negatively impact the judicial proceedings.[87] Plaintiff simply argues "[t]his request is made . . . without the intent to cause delay."[88] But allowing an amendment to the Response to the Motion to Dismiss would necessarily delay the proceedings because Defendants would need time to prepare and file their respective replies to the amended Response

---

[82] *In re CJ Holding Co.*, 27 F.4th 1105, 1112 (5th Cir. 2022) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).
[83] *Id.*
[84] *Id.*
[85] ECF No. 23, at 2.
[86] ECF No. 33, at 6.
[87] *In re CJ Holding Co.*, 27 F.4th at 1114.
[88] ECF No. 23, at 2.

to the Motion to Dismiss. Thus, this factor weighs in favor of the Defendants because Plaintiff fails to meet her burden of showing why the amendment would not delay and impact the judicial proceedings.

### 3. Reason for the delay and whether it was within the control of the movant

Plaintiff fails to show that the reason for the delay was out of her control. Courts are less likely to find excusable neglect when the reason for the delay was within the movant's reasonable control.[89] Here, Plaintiff argues the purpose of the amendment is to "clarify and correct any citation or errors" and to "correct[] certain draft references that were unintentionally included in the original filing."[90] But as established in this Court's Memorandum Opinion issued in this case on November 4, 2025, Plaintiff was at fault for the citation errors because Plaintiff used generative AI to create citations to non-existent sources, which she then provided to her attorney Derrick D. King, who did not verify the sources before filing the Response to the Motion to Dismiss.[91] The delay, therefore, was entirely in Plaintiff's control. Thus, this factor weighs in favor of the Defendants because the inaccurate citations, the correction of which Plaintiff states is the reason for her proposed amendment, was entirely in Plaintiff's control.

### 4. Whether the movant acted in good faith

Plaintiff did not act in good faith because she failed to ensure the citations in her Response to the Motion to Dismiss were correct before it was filed with this Court. The Fifth Circuit has held that, "lack of diligence can . . . cast doubt on a claim of good faith."[92] Here, Plaintiff simply argues that her "motion is brought promptly and in good faith," and that she wants to correct

---

[89] *In re CJ Holding Co.*, 27 F.4th at 1116 (citing *In re ValuePart, Inc.*, 802 F. App'x 143, 146 (5th Cir. 2020)).
[90] ECF No. 23, at 2 (emphasis removed).
[91] ECF No. 35, at 19.
[92] *In re CJ Holding Co.*, 27 F.4th at 1118.

"honest errors."[93] But Plaintiff does not explain these "honest errors," and as this Court has found, Plaintiff used generative AI to create citations and then gave them to her attorney Derrick D. King who failed to diligently check the sources before signing and filing the pleading with this Court.[94] Thus, this factor weighs in favor the Defendants because Plaintiff did not act in good faith when her Response to the Motion to Dismiss was filed with inaccurate citations.

Thus, the excusable neglect factors weigh in favor of the Defendants, because although Plaintiff, the debtor, may not be prejudiced if she is allowed to amend her Response to the Motion to Dismiss, Plaintiff failed to show that the delay will not impact the judicial proceedings, that the delay was not within her control, and that she acted in good faith. Therefore, the Second Amended Motion for Leave to Amend the Response to the Motion to Dismiss is denied.

Ultimately, Plaintiff asserts a variety of causes of action against Defendants but fails to plead enough facts to state a plausible claim for relief. Furthermore, Plaintiff fails to specify who she is making each claim against, thus preventing Defendants from receiving fair notice of the claims against them. For these reasons, Plaintiff's Complaint is dismissed. Plaintiff also had another recent bankruptcy case in this Court, Case No. 23-03146, and because the Complaint she filed in the instant adversary proceeding is essentially a rehash of her complaint in her first bankruptcy case, this Court's dismissal of the Complaint in the instant proceeding is with prejudice. Plaintiff also filed a Motion for Leave to Amend the Response to the Motion to Dismiss and then amended it twice, with the second amended version mooting the first two. But because Plaintiff's Second Amended Motion for Leave to Amend the Response to the Motion to Dismiss was untimely and her failure to act was not a result of excusable neglect, her Second Amended Motion for Leave to Amend the Response to the Motion to Dismiss is denied.

---

[93] ECF No. 23, at 2 (emphasis removed).
[94] ECF No. 35, at 19.

## IV. CONCLUSION

An order consistent with this Memorandum Opinion will be entered on the record.

**SIGNED November 18, 2025**

_____
**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**